IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Travis N. Buck, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | C.A. No. 8:08-01471-HMH |
| ) | |
| Charles T. Blaine, individually, as an officer ) | |
| of the law specifically deputized by Sheriff ) | |
| James E. Singleton, and as an agent, ) | |
| servant, and employee of Oconee ) | **OPINION & ORDER** |
| County; Sheriff James E. Singleton in ) | |
| his official capacity as Sheriff of ) | |
| Oconee County; Phillip Bryant in ) | |
| his official capacity as Deputy Sheriff ) | |
| of Oconee County, and as an agent, servant, ) | |
| and employee of Oconee County; Oconee ) | |
| County; Brandon D. Poole, individually and ) | |
| in his official capacity as a firefighter for ) | |
| Oconee County; and Andrew M. Wilbanks, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

This matter is before the court on the Plaintiff's motion to remand and Charles T. Blaine's ("Blaine") motion to substitute the United States as a party to this action. For the reasons set forth below the court denies the Plaintiff's motion for remand and grants Blaine's motion to substitute the United States as a party.

**I. FACTUAL AND PROCEDURAL BACKGROUND**

According to the allegations contained in the complaint, on March 25, 2007, the Plaintiff was arrested by Blaine, a Forest Service Law Enforcement Officer for the United States Department of Agriculture, for alleged disorderly conduct and resisting arrest. (Compl. ¶¶ 21-

22.) The Plaintiff alleges that he was working in his garden and observed a truck speeding. (Id. ¶ 12.) The Plaintiff signaled the truck to slow down. (Id.) The truck occupied by Brandon Poole ("Poole") and Andrew Wilbanks ("Wilbanks") returned and pulled off the road. (Id. ¶ 13.) Poole verbally assailed the Plaintiff and stated that he was going to use his firefighter's radio to summon Blaine to the scene to arrest the Plaintiff. (Id. ¶¶ 14-17.) Wilbanks and Poole left and ten minutes later, Blaine arrived on the scene. (Compl. ¶ 18.) Blaine proceeded to arrest the Plaintiff. (Id. ¶¶ 18-24.) The Plaintiff alleges that Blaine physically assaulted, harassed, and searched him. (Id. ¶¶ 18-25.)

Ultimately, Phillip Bryant ("Bryant"), an Oconee County Sheriff's Deputy, arrived on the scene and transported the Plaintiff to the Oconee County Detention Center. (Id. ¶¶ 28-29.) Bryant further harassed the Plaintiff and placed the Plaintiff in a detainment cell where he remained overnight. (Id.) Bryant and Blaine obtained two arrest warrants from Walhalla Magistrate Blake Norton the next day for disorderly conduct and resisting arrest. (Compl. ¶ 31.) The charges were dismissed at the preliminary hearing. (Id. ¶ 33.)

In his complaint, the Plaintiff alleges that the Defendants violated his civil rights pursuant to 42 U.S.C. § 1983 because he was "falsely searched, falsely seized, falsely incarcerated, and physically assaulted and battered" by the Defendants. (Mem. Supp. Mot. Remand 9.) Further, the Plaintiff alleges state law claims for assault, battery, false imprisonment, malicious prosecution, and civil conspiracy. The Plaintiff filed his complaint on March 7, 2008, in the Court of Common Pleas of Oconee County, South Carolina. Blaine removed this action to federal court on April 8, 2008. The Plaintiff moved to remand on April 14, 2008. Blaine filed a motion to substitute and dismiss the state law tort claims against

him on April 25, 2008. On May 2, 2008, Blaine filed a response in opposition to the Plaintiff's motion to remand. On May 13, 2008, the Plaintiff filed a response in opposition to the motion to substitute.

## II. Discussion of the Law

### A. Plaintiff's Motion to Remand

The Plaintiff moves to remand this case on the basis that Blaine was acting under color of state law when he committed the acts alleged in the complaint. Therefore, the Plaintiff submits that Blaine has failed to establish a basis for removal pursuant to 28 U.S.C. § 1442. Kevin McDonald, Acting United States Attorney for the District of South Carolina, based on the authority vested in him by the United States Attorney General, has submitted a certification pursuant to 28 U.S.C. § 2679(d) stating that "on the basis of the information now available with respect to the incident alleged in the Complaint, that individual defendant Charles T. Blaine, at all times relevant hereto, was acting within the scope of his federal employment at the time of the conduct alleged in the Complaint." (Mem. Supp. Mot. Substitute Ex. 1 (Certification).) 28 U.S.C. § 2679(d)(2) (2006) provides that

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a State court shall be removed without bond at any time before trial by the Attorney General to the district court of the United States for the district and division embracing the place in which the action or proceeding is pending. Such action or proceeding shall be deemed to be an action or proceeding brought against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant. This certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal.

3

The United States Supreme Court recently held in Osborne v. Haley, that "Congress gave district courts no authority to return cases to state courts on the ground that the Attorney General's certification was unwarranted." 127 S. Ct. 881, 894 (U.S. 2007). "Section 2679(d)(2) does not preclude a district court from resubstituting the federal official as defendant for purposes of trial if the court determines, postremoval, that the Attorney General's scope-of-employment certification was incorrect." Id. (emphasis omitted). However, "[f]or purposes of establishing a forum to adjudicate the case . . . § 2679(d)(2) renders the Attorney General's certification dispositive." Id. Based on the foregoing, the certification "conclusively establish[es] scope of office or employment for purposes of removal."

The Plaintiff further alleges that the case should be remanded because all defendants failed to join in the removal petition. However, when a case is removed pursuant to 28 U.S.C. § 1442(a)(1), the non-federal defendants are not required to join in the removal petition. "Federal officer removal constitutes an exception to the general removal rule under 28 U.S.C. § 1441 and § 1446 which require all defendants to join in the removal petition." Akin v. Ashland Chem. Co., 156 F.3d 1030, 1034 (10th Cir. 1998). Therefore, the Plaintiff's motion to remand is denied.

### B. Blaine's Motion to Substitute

Blaine, pursuant to the FTCA, 28 U.S.C. § 2679(d)(2), has moved the court for an order dismissing the state law claims of assault, battery, false imprisonment, malicious prosecution, and civil conspiracy against Blaine and substituting the United States as the proper defendant for these causes of action.

The FTCA provides that a suit against the United States shall be the exclusive remedy for persons with claims for damages resulting from the negligent or wrongful acts or omissions of federal employees taken within the scope of their office or employment. 28 U.S.C. § 2679(b)(1).

As noted above, the Acting United States Attorney for the District of South Carolina has certified that, at the time of the conduct alleged in the complaint, Blaine was acting within the scope of his employment. The FTCA provides that, upon certification by the Attorney General or his designee in this case, that a federal employee was acting within the scope of his office or employment at the time of the incident out of which a state law claim arises, any civil action arising out of the incident shall be deemed an action brought against the United States, and the United States shall be substituted as sole defendant with respect to those claims.

"Initially, when the Government or the defendant moves for substitution, the Attorney General's certification, although subject to judicial review, is *prima facie* evidence that the employee's challenged conduct was within the scope of employment." Schrob v. Catterson, 967 F.2d 929, 935 (3rd Cir. 1992). The Plaintiff "has the burden of persuasion to refute the certification of scope of employment issued by the Attorney General and to prove by a preponderance of the evidence that the defendants were not acting within the scope of their employment." Borneman v. United States, 213 F.3d 819, 827 (4th Cir. 2000) (internal quotation marks omitted). "If the plaintiff presents persuasive evidence refuting the certification, the burden shifts to the United States to provide evidence and analysis to support its conclusion that the torts occurred within the scope of employment." Id. (internal quotation marks omitted). "In making this ultimate determination, the district court must apply the law of the state in which the

alleged tort occurred to ascertain whether the federal employee was acting within the scope of his employment." Id.

The Plaintiff challenges the certification alleging that there is specific evidence that Blaine was acting under color of state law outside of the scope of his federal employment when the acts alleged in the complaint occurred. Specifically, the Plaintiff cites Blaine's testimony that he was acting under color of state authority when he arrested the Plaintiff and that he arrested the Plaintiff for violations of state law. (Mem. Supp. Mot. Remand Ex. E (Blaine Preliminary Hearing Testimony).) Further, the Plaintiff was arrested based on state warrants.

However, Blaine counters that "as a federal law enforcement officer, [he] is authorized by South Carolina law, specifically, S.C. Code Ann. § 23-1-212 (2007), to enforce criminal laws within the State when asked for assistance by a state or local law enforcement agency or when a felony or misdemeanor has been committed in the federal law enforcement officer's presence or under circumstances indicating that a crime had been freshly committed. Section 23-1-212(C) specifically provides that "[a] federal law enforcement officer acting pursuant to this section . . . is not an officer, employee, or agent of a state or local law enforcement agency" and "is subject to the Federal Tort Claims Act." This statute provides that federal law enforcement officers are authorized to enforce state law within the scope of their authority as federal officers. Based on the foregoing, the court finds that, at this time, the Plaintiff has failed to present sufficient evidence to overcome his burden of proving by a preponderance of the evidence that Blaine was not acting within the scope of his federal employment when the events in the complaint occurred. Therefore, Blaine's motion to substitute is granted and the United States is substituted

6

as the proper defendant on the state law claims. The state law claims against Blaine are dismissed.

Therefore, it is

**ORDERED** that the Plaintiff's motion to remand, docket number 9, is denied. It is further

**ORDERED** that Blaine's motion to substitute the United States as a party, docket number 12, is granted and the state law claims against Blaine are dismissed.

**IT IS SO ORDERED.**

                                         s/Henry M. Herlong, Jr.
                                         United States District Judge

Greenville, South Carolina
May 16, 2008