IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON/GREENWOOD DIVISION

| | | |
|---|---|---|
| Travis N. Buck, | ) | |
| | ) | |
| Plaintiff, | ) | C.A. No. 8:08-01471-HMH |
| | ) | |
| v. | ) | **OPINION & ORDER** |
| | ) | |
| Charles T. Blaine, individually, as an officer of the law specifically deputized by Sheriff James E. Singleton, and as an agent, servant, and employee of Oconee County; Sheriff James E. Singleton, in his official capacity as Deputy Sheriff of Oconee County; Phillip Bryant, in his official capacity as Deputy Sheriff of Oconee County, and as an agent, servant, and employee of Oconee County; Oconee County; Brandon D. Poole, individually and in his official capacity as a firefighter for Oconee County; Andrew M. Wilbanks; and the United States of America, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

This matter is before the court on two motions filed by the Government. The first is a motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. The second is a motion to dismiss, or in the alternative, for summary judgment pursuant to Rules 12 and 56. For the reasons set forth herein, the Government's motions are granted.

### I. FACTUAL & PROCEDURAL BACKGROUND

On March 25, 2007, Plaintiff Travis N. Buck was arrested by Officer Charles T. Blaine ("Officer Blaine"), an officer with the United States Forest Service, for allegedly engaging in disorderly conduct. The Plaintiff alleges that in performing the arrest, Officer Blaine used excessive force and subjected the Plaintiff to an unlawful personal search. (Compl. ¶¶ 18-25.)

Some time after the Plaintiff had been subdued, Deputy Phillip Bryant of the Oconee County Sheriff's Department ("Deputy Bryant") arrived on the scene and transported the Plaintiff to the county detention center where he was held overnight. (Id. ¶¶ 28-29.) The following day, Officer Blaine and Deputy Bryant appeared before a state magistrate and obtained warrants against the Plaintiff for disorderly conduct and resisting arrest. (Id. ¶ 31.) However, these charges were dismissed at the Plaintiff's preliminary hearing. (Id. ¶ 33.)

This civil action followed. On March 7, 2008, the Plaintiff filed a complaint against Officer Blaine and the other above-named defendants in the Court of Common Pleas for Oconee County, South Carolina. The Plaintiff originally brought six separate causes of action against Officer Blaine, in both his individual and official capacities: (1) a civil rights violation pursuant to 42 U.S.C. § 1983; (2) assault; (3) battery; (4) false imprisonment; (5) malicious prosecution; and (6) civil conspiracy.

On April 8, 2008, Officer Blaine removed this civil action pursuant to 28 U.S.C. § 1442. The Government then sought to substitute the United States of America for Officer Blaine, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2671 ("the FTCA"), for the causes of action that arise under state law. Consistent with the FTCA, the acting United States Attorney for the District of South Carolina certified that Officer Blaine was acting within the course and scope of his federal employment at all times relevant to the Complaint. Id. § 2679(d). Accordingly, by order dated May 15, 2008, the United States was substituted as a party-defendant, though Officer Blaine remained a defendant in both his individual and official capacities with respect to the § 1983 action. See id. § 2679(b)(1).

Also on May 15, 2008, the Government filed a motion to dismiss or for summary judgment, which is presently under consideration. The Plaintiff's response to this motion was due on June 2, 2008. The Government filed a second motion to dismiss on June 12, 2008, to which the Plaintiff should have responded by June 30, 2008. No responsive briefs have been filed, and therefore these matters are ripe for decision.

## II. DISCUSSION OF THE LAW

The Government has moved for dismissal pursuant to Rule 12(b)(1), for lack of subject matter jurisdiction, and Rule 12(b)(6), for failure to state a claim for which relief can be granted. For the purposes of a motion to dismiss, the complaint is construed in the light more favorable to the plaintiff, taking all well-pleaded allegations as true and drawing all reasonable inferences from those allegations in the plaintiff's favor. See, e.g., Ibarra v. United States, 120 F.3d 472, 474 (4th Cir. 1997).

The Government has alternatively moved for summary judgment. Pursuant to Rule 56, summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).

### A. The Claim against the United States

The Government has moved to dismiss the United States as a party-defendant pursuant to Rule 12(b)(1). As explained previously, the United States has been substituted in this case for Officer Blaine, to the extent that Officer Blaine was named to defend against tort actions existing at state law. Generally, a civil suit cannot be maintained by an individual against the government

of the United States.  See, e.g., United States v. Dalm, 494 U.S. 596, 608 (1990); Honda v. Clark, 386 U.S. 484, 501 (1967); United States v. Sherwood, 312 U.S. 584, 586 (1941).

However, through the FTCA the United States has provided a limited waiver of its sovereign immunity.  See, e.g., FDIC v. Meyer, 510 U.S. 471, 475 (1994).  As long as the terms and conditions established by the FTCA are observed, Williams v. United States, 50 F.3d 299, 305 (4th Cir. 1995), an individual with a tort claim against the government, or against an agent or employee of the government, may seek redress for his grievances in the district courts of the United States.  28 U.S.C. § 1346(b).

In this case, the Plaintiff has neglected a necessary condition precedent to filing an action against the United States.  Before the government may be sued, the FTCA requires the claimant to present his claim to the pertinent federal agency for an administrative disposition.  Id. § 2675(a).  Only if the agency makes a final denial of the claim, or if the claim is not finally decided within six months of presentment to the agency, may the claimant take the next step and commence a civil action against the United States.  Id.  The Plaintiff never presented his claim to the United States Forest Service or to its governing agency, the Department of Agriculture.

The Government correctly argues that "[t]he FTCA bars claimants from bringing suit in federal court until they have exhausted their administrative remedies."  McNeil v. United States, 508 U.S. 106, 113 (1993).  The failure to file a tort claim against the government with the proper administrative agency is fatal to the court's jurisdiction.  Henderson v. United States, 785 F.2d 121, 124 (4th Cir. 1986).  Because the Plaintiff neglected to exhaust the administrative remedies available to him, his claim against the United States must be dismissed.

### B. The Claim against Officer Blaine

Following the substitution of the United States as a party-defendant, Officer Blaine remained in this case only to the extent he had been named a defendant in the Plaintiff's § 1983 action. Section 1983 provides a right of action to any person who has been deprived of his civil rights or liberties by another who was acting under the color of state law. 42 U.S.C. § 1983. Officers and agents of the federal government cannot be held liable under § 1983. District of Columbia v. Carter, 409 U.S. 418, 424-25 (1973).

Officer Blaine is affiliated with the United States Forest Service, which is of course a federal agency. By virtue of this employment relation, the § 1983 action against Officer Blaine must be dismissed pursuant to Rule 12(b)(6).

### III. CONCLUSION

For the foregoing reasons, the Government's motions, docket numbers 24 and 27, are granted. The Clerk of Court is directed to dismiss Officer Blaine from Count I of the Complaint and the United States of America from Counts II-VI. Finally, the Plaintiff is advised that the court will undertake consideration of any motions that may cure these jurisdictional infirmities.

**IT IS SO ORDERED.**

s/Henry M. Herlong, Jr.
United States District Judge

Greenville, South Carolina
July 15, 2008